[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action has been brought by the plaintiff seeking payment for construction services performed at the request of the defendant at various job sites throughout Connecticut. The defendant is a corporation engaged in construction work on state highways. The plaintiff corporation is a sub-contractor CT Page 5575 specializing in the installation of highway guard rails. The complaint is in seven counts for services allegedly rendered at seven different locations. The defendant has not admitted any of the material allegations of the complaint, and has filed a special defense and counterclaim. The special defense is that "the defendant contracted with individuals associates with the plaintiff corporation, but not with the plaintiff corporation itself." The court assumes that the defendant meant to say "individuals associated with the plaintiff corporation, . . ." The counterclaim alleges that if the defendant is found to have contracted with the plaintiff corporation then the defendant suffered damages because the work done was not performed in a timely or workmanlike manner.
The seven counts concern services allegedly provided by the plaintiff to the defendant at seven different job sites commencing on December 15, 1992 and ending on October 8, 1993. During that time frame the plaintiff did no other work for the defendant.
It is not necessary to discuss each of the seven counts in detail. It is sufficient to state that the plaintiff has proven, through testimony and documentary evidence, that services were performed by the plaintiff for the defendant pursuant to oral contracts at each of the seven locations as alleged in the complaint, and that appropriate invoices were sent for each job promptly upon completion of the work. However, with respect to the second count, the plaintiff's claim is for costs incurred when the plaintiff's employees went to the job site as requested by the defendant, and found that the job site was not ready for guard rail installation. The job was completed by the plaintiff at a later date but that bill is not part of the plaintiff's claim in this case. The plaintiff has proven that services were rendered to the defendant with a value as to each of the counts as follows: First Count — $4,509.77; Second Count — $1,221.24; Third Count — $7,588.35; Fourth Count — $2,487.07; Fifth Count — $6,969.53; Sixth Count — $4,700.26; and Seventh Count — $4,343.32. The total value of the services provided was $31,819.27.
With respect to the defendant's special defense, the court finds that it has not been proven. Since 1989, and throughout the dealings with the defendant, the individual principals in the plaintiff corporation were operating as a corporation. This claim by the defendant, which amounts to a claim that the wrong party CT Page 5576 brought this action, was never made by the defendant until the special defense was filed, although the parties had many conversations about the outstanding indebtedness prior to suit being instituted. It is also of significance that the invoices for the claims contained in the first and second counts were on the plaintiff's corporate stationery, as were all subsequent invoices, and were both sent to the defendant on December 18, 1992. Thereafter, the defendant continued to hire the plaintiff and obviously was aware that it was dealing with a corporation.
In support of the counterclaim the defendant offered one witness who testified that he was "generally familiar" with the events. In support of the defendant's claim that some of the plaintiff's work was done improperly, he produced six sheets of paper with various charges reflected thereon, totaling $18,889.35, allegedly incurred to correct the plaintiff's unsatisfactory work. These sheets were undated, made no reference to the plaintiff, and although the witness claimed that the plaintiff was notified of the problem with respect to each job, he produced no correspondence sent to the plaintiff which mentioned any problems or did he produce any copies of memos or telephone call records to support the claim that the plaintiff was advised of the defective work. He also admitted that these six sheets were never sent to the plaintiff. The plaintiff's witness had testified that they never received a complaint in connection with any of the work done except with respect to the elevations of the work eventually done at the site referred to in the second count, and that that problem was not caused by any fault of the plaintiff. During extensive meetings to try and resolve this matter, no complaint as to the quality of the work was made. Between January 27, 1993 and November 4, 1993, the defendant made four payments to the plaintiff totaling $9,330.00 toward the total obligation, and never indicated, either verbally or in any writing, that it had incurred charges of almost $19,000.00 for the very work for which the part payments were being made. The court finds that the defendant has failed to prove its counterclaim.
The payments referred to above were not specifically paid on any particular invoice, but the plaintiff concedes that the defendant is entitled to a credit on the total obligation. As found earlier, the total value of the services rendered on all seven counts was $31,819.27. After giving the defendant credit for the partial payments of $9,330.00, the net total owed is $22,489.27. CT Page 5577
Accordingly, judgment may enter in favor of the plaintiff as against the defendant for $22,489.27 covering all counts.
William L. Hadden Judge Trial Referee